**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **NICOLE THOMAS** | **CIVIL ACTION NO. 5:14-cv-0940** |
| **TEXAS DEPT. OF CRIMINAL** | |
| **JUSTICE NO. 1772275** | |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

On May 2, 2014, Nicole Thomas, an inmate in the custody of the Texas Department of

Criminal Justice, who is incarcerated at the William P. Hobby Unit, Marlin, Texas, submitted a

*pro se* pleading to this Court utilizing the form provided to Texas inmates seeking *habeas corpus*

relief from a final felony conviction under Texas Code of Criminal Procedure Article 11.07. It

appears that Ms. Thomas is aggrieved by the results of a prison disciplinary proceeding held on

January 11, 2014 wherein she was convicted of assault on an officer and was sentenced to "6

months G4 close custody." Her rambling petition also complains that she owes child support in

Travis County, Texas; that "removal bonds are important;" "evidence awareness;" and "religion

'naturally.'"  Read liberally, it is presumed that Ms. Thomas seeks *habeas corpus* relief either

pursuant to the Texas statute mentioned above; or pursuant to 28 U.S.C. §2254 or §2241; or that

she seeks relief under Title 42 U.S.C. §1983.

Clearly, this Court has no jurisdiction over any *habeas corpus* claims arising under  Texas

law.  Further, to the extent that she seeks *habeas corpus* relief pursuant to Section 2254, she must

file her petition either in the Federal Judicial District where she is incarcerated or the District

where she was originally convicted. See 28 U.S.C. §2241(d).  Likewise, a petition for *habeas*

*corpus* filed pursuant to § 2241 must be filed in the district with jurisdiction over the prisoner or

her custodian. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000). The district of incarceration is

the only district that has jurisdiction to entertain a petitioner's  §2241 petition. *Lee v. Wetzel*, 244

F.3d 370 (5th Cir.2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).)

Finally, to the extent that she seeks relief pursuant to 42 U.S.C. §1983 her complaint is

also improperly filed. Section 1983 does not contain a venue provision; thus, venue is determined

under the general venue provisions set forth in Title 28 U.S.C. § 1391.  When a civil action is not

premised solely upon diversity jurisdiction, it may be brought only in (1) a judicial district where

any defendant resides, (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found,

if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Clearly

the complaint, if that is what it is, has inexplicably been filed in a court of improper venue.

Ordinarily, the undersigned would recommend transfer of the action to any other district

or division where it might have been brought as provided in 28 U.S.C. §1404(a) or §1631.

However, based upon the facts thus far alleged it is impossible to determine the precise nature of

this action, much less where it may have been properly brought.

Therefore,

**IT IS RECOMMENDED** that the pleading be **DISMISSED WITHOUT PREJUDICE**

to Ms. Thomas's right to re-file in the proper Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, May 28, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**